IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RA'OOF MUIR | : CIVIL ACTION |
| V. | : |
| CITY OF PHILADELPHIA, ET AL. | : |
| | : NO. 02-CV-2779 |

## DEFENDANT'S, CITY OF PHILADELPHIA, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**I.     Background**

On May 9, 2002, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania. (Exhibit A – Complaint.) In his complaint, Plaintiff names the City of Philadelphia, Correctional Officer Tim Wilson, Correctional Officer Estevez, Correctional Officer Padilla, and Sergeant "John Doe". Plaintiff claims that he was subject to excessive force by one or more of the correctional officers. Plaintiff claims that the City of Philadelphia has an ongoing policy and/or practice of permitting correctional officers to use excessive force. (Exhibit A – Complaint.)

Subsequent to the initiation of discovery, Plaintiff's counsel withdrew and no other counsel has entered an appearance for Plaintiff.

**II.     Summary Judgment Standard**

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c).

In reviewing a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. Betz Laboratories Inc. v. Hines, 647 F.2d 402 (3rd Cir. 1981). If there is a genuine issue as to any material fact, summary judgment must be denied. Fed. R. Civ. P. 56(c). A fact is material if the fact might affect the outcome of the lawsuit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505 (1986). All inferences must be drawn and all doubts resolved in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3rd Cir. 1985), cert. denied, 474 U.S. 1010 (1985). Summary judgment will not lie if the dispute about a material fact is "genuine" that is, "if a reasonable jury could return a verdict for the non-moving party." Id.

On motions for summary judgment, the moving party bears the initial burden of identifying for the court those portions of the record that it believes demonstrate the absence of material fact disputes. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the movant, and may not rest on mere denials. Id. at 321 n.3 (quoting F.R.Civ.P. 56(e)). See also First National Bank of Pennsylvania v. Lincoln National Life Insurance Co., 824 F.2d 277, 282 (3rd Cir. 1987). In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, it must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. at 322-4; Anderson, 106 S.Ct. 2514; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); F.R.Civ.P. 56(e).

Although the movant in a motion for summary judgment has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof.  J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d. 1524, 1531 (3rd Cir. 1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 499 U.S. 921 (1991).  The non-moving party may not rest on his pleading, but must come forward with evidence from which a reasonable jury could return a verdict in his favor.  Id. (See Anderson, 479 U.S. at 248; Williams v. Borough of West Chester, 891 F. 2d 458, 460 (3rd Cir. 1989); Woods v. Bentsen, 889 F. Supp. 179, 184 (E.D. Pa. 1995).

**III.    Argument**

    **A.    No Record Evidence Exists to Establish a Valid Claim for Municipal Liability Under 42 U.S.C. § 1983.**

The City of Philadelphia can only be held liable under Section 1983 if plaintiff proves that city employees were executing:  (1) an officially adopted policy declared by City officials; or (2) that while not acting pursuant to an officially adopted policy, the officers were acting pursuant to an officially adopted custom of the City of Philadelphia.  Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).  The City of Philadelphia cannot be held liable under Section 1983 for an injury unless the plaintiffs prove that the execution of a governmental policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury so that the government as an entity is responsible under section 1983.  Monell, 436 U.S., at 694.  Furthermore, the plaintiff must prove that it is more likely than not that the alleged unconstitutional policy, custom, or practice caused the plaintiff's injuries.  Simmons v. City of Philadelphia, 947 F.2d

1042 (3d Cir. 1991), *cert. denied* 112 S.Ct. 1671, 118 L.Ed. 2d. 391 (1992); Jett v. Dallas Independent School District, 491 U.S. 701 (1989); and Williams v. Borough of West Chester, 891 F.2d 458 (3d Cir. 1989).

In the instant matter, the plaintiff has no evidence to prove his difficult burden against the City of Philadelphia under 42 U.S.C. § 1983. Plaintiff has no scienter-like evidence of a conscious decision or deliberate indifference of a high-level official determined by the Court, in accordance with local law, to have final policy making authority in the areas in question. Plaintiff has not identified an unconstitutional policy or custom and has not sued the policy-maker for the City of Philadelphia.

**B.     No Record Evidence Exists to Establish a Valid Claim for Municipal Liability Under 42 U.S.C. §1983 for Failure to Train the Defendant Officer.**

In order to establish municipal liability under section 1983 based on an alleged policy of inadequate training and supervision, the plaintiff must:

1) prove that the training and/or supervision executed by the Philadelphia Police Department was inadequate; and

2) identify with specificity a responsible policy-maker who knew that said training and supervision was inadequate; and

3) prove that the official knew that said inadequate policies were resulting in the deprivation of constitutional rights; and

4) prove that the identified policy-maker made a conscious choice or was deliberately indifferent to the inadequate procedures and did nothing to correct them; and

5) establish an affirmative link between the alleged policies and the cause of the plaintiff's alleged violation of rights.

Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). *See also* City of Canton, 489 U.S. 378, 388 (1989); Monell, 436 U.S. 658, 693; Simmons v. City of Philadelphia, 947 F.2d 1042, 1060-65 (3d Cir. 1991), *cert. denied* 112 S.Ct. 1671, 118 L.Ed. 2d. 391 (1992).

Inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came in contact. City of Canton Ohio, 489 U.S. 378, 388. The "deliberate indifference" standard is not satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a City policy for which the city is responsible. Id. Neither is it sufficient to show that a particular officer may be unsatisfactorily trained, for the officers' shortcomings may have resulted from factors other than a faulty training program. Furthermore, it will not suffice to prove that an injury or accident could have been avoided if an officer had better or more training. Id. Instead, plaintiff must show scienter-like evidence of a conscious decision or deliberate indifference of a high-level official determined by the Court, in accordance with local law, to have final policy-making authority in the areas in question. Simmons, 947 F.2d, at 1060-65.

In the instant matter, the plaintiff has no evidence to prove his bald allegations against the City of Philadelphia under 42 U.S.C. § 1983 for failure or refusal to adequately train, direct, supervise or control the Defendant Officers. This evidence is not sufficient to support plaintiff's claim for municipal liability.

**C.    Plaintiff's State Claims Must be Dismissed With Prejudice Because He Fails to State a Viable Claim Under the Pennsylvania Tort Claims Act**

Absent a showing that Defendant, City of Philadelphia, is liable under a viable §1983 theory, plaintiff can prevail against the City only in those limited instances permitted by the

Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*. The plaintiff alleges that the City of Philadelphia is liable under state law because it falsely arrested and imprisoned plaintiff.[1]

In order to state a claim against a municipality under Pennsylvania law, a plaintiff must allege facts which fit into one of the eight exceptions to governmental immunity found in the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 *et seq*. "Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." <u>Lockwood v. City of Pittsburgh</u>, ___ Pa. ___, 751 A.2d 1136, 1139 (Pa. 2000). The Tort Claims Act provides eight separate circumstances in which the Defendant, City of Philadelphia, may be held liable for the acts of its employees. Section 8542 provides for a limited waiver of that immunity in eight narrowly drawn exceptions which are:

    (1) operation of motor vehicles;

    (2) care, custody, and control of personal property;

    (3) care, custody, and control of real property;

    (4) dangerous conditions of trees, traffic controls & street lighting;

    (5) dangerous conditions of utility service facilities;

    (6) dangerous conditions of streets;

    (7) dangerous conditions of sidewalks; and

    (8) care, custody and control of animals.

42 Pa. C.S. § 8542(b)(1)-(8). A plain reading of the Act shows that the City is immune from plaintiff's claims, since such claims do not fall within any of the above exceptions. Based upon the following reasons, plaintiff's state law claims fail as a matter of law.

---

[1] How a legal construct such a municipality can in and of itself physically restrain or imprison someone is an interesting question. However, it need not be addressed because the state claims are not viable under the Torts

## V.  Conclusion

Consequently, summary judgment should be granted as a matter of law in favor of the Defendant City of Philadelphia should be dismissed from the Plaintiff's Complaint.  For the foregoing reasons, the Defendant avers that the plaintiff cannot, as a matter of law, establish the existence of genuine issues of material facts with respect to the state and federal claims alleged against the Defendant in the Plaintiff's Complaint.

**WHEREFORE,** Defendant is entitled to judgment in its favor as a matter of law and request that this Honorable Court grants Defendant's Motion for Summary Judgment.

                                        Respectfully Submitted,


                                        BY:_____
                                        JAMES M. DUCKWORTH
                                        Assistant City Solicitor
                                        1515 ARCH STREET, 14TH FLOOR
                                        PHILADELPHIA, PA 19102

DATE:

---

Claims Act as discussed *infra*.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RA'OOF MUIR | : CIVIL ACTION |
| | : |
| V. | : |
| | : |
| CITY OF PHILADELPHIA, ET AL. | : |
| | : |
| | : NO. 02-CV-2779 |

**DEFENDANT'S, CITY OF PHILADELPHIA, MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.Civ.P. 56(b) and (c)**

Defendant, through the undersigned attorney, moves this Honorable Court for the entry of Summary Judgment in its favor pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure. In support of its motion, Defendant refers the Court to its Memorandum of Law, dated January 7, 2003, and submitted herein.

**WHEREFORE,** Defendant is entitled to judgment in its favor as a matter of law and reasonable costs expended in defense thereof.

Respectfully Submitted,

BY:_____
JAMES M. DUCKWORTH
Assistant City Solicitor
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102

DATE:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RA'OOF MUIR | : CIVIL ACTION |
| V. | : |
| CITY OF PHILADELPHIA, ET AL. | : |
| | : NO. 02-CV-2779 |

### ORDER

**AND NOW**, this _____ day of _____, 2003, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED AND DECREED that Defendant's Motion is GRANTED. Judgment is entered in favor of the City of Philadelphia pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure.

BY THE COURT:

_____

**HARVEY BARTLE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RA'OOF MUIR         : | CIVIL ACTION |
| V.                  : | |
| CITY OF PHILADELPHIA, ET AL. : | |
|                     : | NO. 02-CV-2779 |

## CERTIFICATE OF SERVICE

    I, James Duckworth, Assistant City Solicitor, hereby certify that a true and correct copy of Defendant City of Philadelphia's Motion for Summary Judgment was delivered to the following via Regular United States Mail:

**TO:**  Ra'oof Muir
        49 East Herman Street
        Philadelphia, PA  19144


Date:_____

                                                  BY:_____
                                                  JAMES DUCKWORTH
                                                  Assistant City Solicitor
                                                  City of Philadelphia
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, Pennsylvania 19102

# EXHIBIT A