IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RA'OOF MUIR | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| | : | |
| | : | NO.  02-CV-2779 |

### DEFENDANTS', TIMOTHY WILSON, ROLANDO ESTEVEZ, AND ESTEBAN PADILLA, MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**I.     Background**

Defendants, Timothy Wilson, Rolando Estevez, and Esteban Padilla, incorporate by reference the facts and arguments raised in Defendant City of Philadelphia's motion for summary judgment that was filed January 7, 2003.  In sum, Plaintiff alleges that Defendants applied excessive force to Plaintiff while he was a prisoner in the Philadelphia Prison System.

**II.    Summary Judgment Standard**

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c).

In reviewing a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. Betz Laboratories Inc. v. Hines, 647 F.2d 402 (3rd Cir. 1981).  If there is a genuine issue as to any material fact, summary judgment must be denied.  Fed. R. Civ. P. 56(c).  A fact is material if the fact might affect the outcome of the

lawsuit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505 (1986). All inferences must be drawn and all doubts resolved in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3rd Cir. 1985), cert. denied, 474 U.S. 1010 (1985). Summary judgment will not lie if the dispute about a material fact is "genuine" that is, "if a reasonable jury could return a verdict for the non-moving party." Id.

On motions for summary judgment, the moving party bears the initial burden of identifying for the court those portions of the record that it believes demonstrate the absence of material fact disputes. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the movant, and may not rest on mere denials. Id. at 321 n.3 (quoting F.R.Civ.P. 56(e)). See also First National Bank of Pennsylvania v. Lincoln National Life Insurance Co., 824 F.2d 277, 282 (3rd Cir. 1987). In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, it must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. at 322-4; Anderson, 106 S.Ct. 2514; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); F.R.Civ.P. 56(e).

Although the movant in a motion for summary judgment has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 499 U.S. 921 (1991). The non-moving party may not rest on his pleading, but must come forward with evidence from which a reasonable jury could return a

verdict in his favor. Id. (See Anderson, 479 U.S. at 248; Williams v. Borough of West Chester, 891 F. 2d 458, 460 (3rd Cir. 1989); Woods v. Bentsen, 889 F. Supp. 179, 184 (E.D. Pa. 1995).

**III.   ARGUMENT**

**A.   Plaintiff Failed To Complied With The Requirement Of The Prison Litigation Reform Act And Therefore The Court Should Dismiss the Matter.**

Before a person can bring a suit alleging that correctional officers violated his constitutional violations while he was incarcerated, the person must exhaust the available administrative remedies. The Prison Litigation Reform Act (PLRA) requires a person to exhaust administrative remedies before he brings an action in federal court with respect to prison or jail conditions. 42 U.S.C. §1997(e) (2001). A failure to do deprives the court of subject matter jurisdiction. Id. See also Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 1998).

An action pleading that correctional officers used excessive force is an action pleading prison or jail conditions. Porter v. Nussle, 122 S.Ct. 983, 990 (2002). See Booth v. Churner, 2000 U.S. App. LEXIS 3486, *3 (3rd Cir, March 7, 2000.). An action alleging use of excessive use of force in violation of the Eighth or Fourteenth Amendments is considered an action that challenges prison or jail conditions. Id. The internal grievance system of a prison or jail is an administrative remedy. Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 1998); Booth v. Churner, 2000 U.S. App. LEXIS 3486 (3rd Cir, March 7, 2000.) The Philadelphia Prison System has a grievance system. (Exhibit A – Affidavit of Harriet Spencer, Executive Assistant to the Prisons Commissioner.)

In the instant action, Plaintiff never filed a grievance regarding the alleged excessive force by any correctional officer. (Exhibit A – Affidavit of Harriet Spencer, Executive Assistant

to the Prisons Commissioner.)  Therefore, Plaintiff's claims should be dismissed because Plaintiff has failed to comply with the requirement of the PLRA.

**IV.     Conclusion**

Consequently, summary judgment should be granted as a matter of law in favor of the Defendants Timothy Wilson, Rolando Estevez, and Esteban Padilla.  For the foregoing reasons, the Defendants aver that the plaintiff cannot, as a matter of law, establish the existence of genuine issues of material facts with respect to the federal claims alleged against the Defendants in the Plaintiff's Complaint.

**WHEREFORE,** Defendants are entitled to judgment in its favor as a matter of law and request that this Honorable Court grants Defendant's Motion for Summary Judgment.

Respectfully Submitted,

BY:_____
JAMES M. DUCKWORTH
Assistant City Solicitor
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102

DATE:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RA'OOF MUIR | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| | : | |
| | : | NO. 02-CV-2779 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO F.R.Civ.P. 56(b) and (c)**

Defendants, Timothy Wilson, Rolando Estevez, and Esteban Padilla, through the undersigned attorney, moves this Honorable Court for the entry of Summary Judgment in their favor pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure. In support of its motion, Defendants refer the Court to its Memorandum of Law, dated January 8, 2003, and submitted herein.

**WHEREFORE,** Defendants are entitled to judgment in their favor as a matter of law and reasonable costs expended in defense thereof.

Respectfully Submitted,

BY:_____
JAMES M. DUCKWORTH
Assistant City Solicitor
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102

DATE:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RA'OOF MUIR | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| | : | |
| | : | NO. 02-CV-2779 |

### ORDER

**AND NOW**, this          day of                 , 2003, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED AND DECREED that Defendants' Motion is GRANTED. Judgment is entered in favor of the Defendants Timothy Wilson, Rolando Estevez, and Esteban Padilla pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure. Furthermore, all "John Doe" Defendants are DISMISSED WITH PREJUDICE.

                                                                            BY THE COURT:

                                                                            _____

                                                                            **HARVEY BARTLE III, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RA'OOF MUIR | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |
| | : | |
| | : | NO. 02-CV-2779 |

**CERTIFICATE OF SERVICE**

    I, James Duckworth, Assistant City Solicitor, hereby certify that a true and correct copy of Defendants' Motion for Summary Judgment was delivered to the following via Regular United States Mail:

**TO:** Ra'oof Muir
49 East Herman Street
Philadelphia, PA  19144


Date:_____

    BY:_____
        JAMES DUCKWORTH
        Assistant City Solicitor
        City of Philadelphia
        1515 Arch Street, 14th Floor
        Philadelphia, Pennsylvania 19102

# EXHIBIT A