```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RA'OOF MUIR                       :        CIVIL ACTION
                                  :
        v.                        :
                                  :
TIM WILSON, et al.                :        NO. 02-2779
```

MEMORANDUM

Bartle, J.                                           February  , 2003

      Plaintiff Ra'oof Muir, now pro se, has brought this civil rights action for injuries allegedly sustained from a beating administered by several correctional officers employed by the City of Philadelphia. He has named as defendants the City of Philadelphia and officers Timothy Wilson, Rolando Estevez, Esteban Padilla and Sergeant "John Doe." Plaintiff asserts that defendants violated his Eighth and Fourteenth Amendment rights as secured through 42 U.S.C. § 1983. In addition, he contends that the individual officer defendants committed a series of unlawful batteries under Pennsylvania law. Before the court are the unopposed motions of defendants City of Philadelphia and Timothy Wilson, Rolando Estevez and Esteban Padilla for summary judgment.

      Defendant City of Philadelphia maintains that plaintiff has failed to establish a valid § 1983 claim against it under <u>Monell v. Dept. of Socials Servs. of New York</u>, 436 U.S. 658 (1978). The defendant officers assert that the plaintiff's claims against them are barred because he failed to exhaust the

available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

We may grant summary judgment only if there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although the movant has the initial burden of showing the absence of any genuine issues of material fact, the non-movant must then come forward with admissible evidence containing "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 n.13 (3d Cir. 1999); Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998).  We review all evidence and make all reasonable inferences from the evidence in the light most favorable to the non-movant.  See Wicker v. Consol. Rail Corp., 142 F.3d 690, 696 (3d Cir. 1998).

I.

In his complaint, the plaintiff alleges the following facts.  On October 20, 2000, as he was returning to his prison cell in one of the Philadelphia prisons known as PICC, he exchanged words with corrections officer Timothy Wilson.  Angered by the exchange, officer Wilson punched the plaintiff, knocking him to the ground.  After being escorted back to his cell by several other officers, plaintiff was approached by defendant John Doe who advised plaintiff that he would be taken to a section of the prison known as the "Hole."  After handcuffing

plaintiff, Sergeant Doe, Officers Estevez and Padilla, and two other unidentified officers escorted plaintiff to the Hole where they subsequently beat and kicked him.  After the beating, plaintiff advised medical personnel in the prison infirmary that he had been beaten by a group of guards.

Plaintiff further alleges that the officers' conduct was part of an ongoing pattern and practice of excessive use of force and retaliatory beatings administered by prison guards generally.  He claims that in failing to properly train, supervise, investigate and discipline its prison guards, the City has acquiesced in and tacitly approved of this pattern and practice of conduct.

## II.

Plaintiff first contends that the defendant City of Philadelphia is liable under § 1983 because the alleged conduct of the correctional officers is part of a de facto policy or custom of the City of Philadelphia.  Under Monell, a municipality such as the City of Philadelphia cannot be held liable under § 1983 on a respondeat superior theory for the unconstitutional acts of its employees.  Only when an official policy, decision or custom of the municipality itself causes the plaintiff's injury may the municipality be held responsible.  Monell, 436 U.S. at 694.  The act or omission can be imputed to a local government only when it emanates from a policymaker or policymaking body.  As our Court of Appeals explained in Andrews v. City of Philadelphia, 895 F.2d 1469, 1481 (3d Cir. 1990), "it is

incumbent upon a plaintiff to show that a policymaker is <u>responsible</u> either for the policy or, through acquiescence, for the custom."  (emphasis added).

We have reviewed the record and determined that, other than the bald assertions in plaintiff's complaint, there is no evidence to prove that the alleged conduct on the part of the City and its corrections officers is part of a policy or custom of the City of Philadelphia.  The mere allegations in his pleading are not enough.  Plaintiff must come forward with some affirmative evidence to defeat summary judgment.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989).  Here, the record is devoid of, among other things, any evidence of a conscious decision or deliberate indifference of any high-level official alleged to have the appropriate policy-making authority.

Similarly, plaintiff has failed to adduce any evidence that the defendant City is liable under § 1983 because it failed to adequately train the defendant officers.  A municipality's failure to train may give rise to constitutional violations but only when the failure to train "amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact."  <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989); <u>Simmons v. Philadelphia</u>, 947 F.2d 1042, 1059 (3d Cir. 1991).  There is simply no evidence of any kind in the record that might prove the requisite level of deliberate indifference.

Again, we are left only with the allegations in plaintiffs complaint.  These are not sufficient to defeat summary judgment.

We will therefore grant the motion of defendant City of Philadelphia for summary judgment as to plaintiff's claims under § 1983.

### III.

Plaintiff also contends that the individual corrections officers who administered the alleged beating are liable under § 1983 for violating his Eighth and Fourteenth Amendment rights. Before a prisoner can bring suit alleging that corrections officers violated his or her constitutional rights, he or she must exhaust all available administrative remedies.  The PLRA specifically provides:  [n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In Porter v. Nussle, 534 U.S. 516, 532 (2002), the Supreme Court concluded that the exhaustion requirement applies broadly to include inmate suits alleging "excessive force or some other wrong."  The internal grievance system of a prison or jail is an administrative remedy.  See generally Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

Defendants have submitted an affidavit for Harriet Spencer, the Executive Assistant to the Prisons Commissioner of the Philadelphia Prison System, who is responsible for addressing

all inmate grievances that inmates have appealed from its facilities.  Ms. Spencer attests that she has found no grievances filed by the plaintiff, Ra'oof Muir.  Other than his allegation that he told medical personnel in the prison infirmary about the alleged beating, plaintiff has neither alleged any facts, nor adduced any evidence to prove that he met his obligation under the PLRA to exhaust available administrative remedies before filing the instant § 1983 action.  We will grant summary judgment in favor of the named defendant officers for alleged constitutional violations under § 1983.

### IV.

We will exercise our discretion and decline jurisdiction over the remaining claims under state law against the defendants.  <u>See</u> 28 U.S.C. § 1367.  The claims against Sergeant John Doe will be dismissed for lack of prosecution.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RA'OOF MUIR : CIVIL ACTION
 :
    v. :
 :
TIM WILSON, et al. : NO. 02-2779

ORDER

AND NOW, this      day of February, 2003, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant City of Philadelphia for summary judgment on plaintiff's claims under 42 U.S.C. § 1983 is GRANTED;

(2) judgment is entered in favor of defendant City of Philadelphia and against plaintiff Ra'oof Muir on plaintiff's claims under 42 U.S.C. § 1983;

(3) the motion of defendants Timothy Wilson, Rolando Estevez and Esteban Padilla for summary judgment on plaintiff's claims under 42 U.S.C. § 1983 is GRANTED;

(4) judgment is entered in favor of defendants Timothy Wilson, Rolando Estevez, and Esteban Padilla and against plaintiff Ra'oof Muir on plaintiff's claims under 42 U.S.C. § 1983;

(5) plaintiff's state law claims are DISMISSED without prejudice. See 28 U.S.C. § 1367(c); and

(6) plaintiff's claims against defendant Sergeant John Doe are DISMISSED for lack of prosecution.

BY THE COURT:

_____ J.